UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ODIS DAVID SMITH                          CIVIL ACTION

VERSUS                                    NO: 07-5287

WARDEN JIM ROGERS                         SECTION: R

**ORDER AND REASONS**

Before the Court is petitioner Odis Smith's motion for a certificate of appealability in connection with this Court's judgment dismissing his petition for a writ of habeas corpus. (R. Doc. 48). Pursuant to 28 U.S.C. § 2253 and FED. R. APP. PROC. 22(b), the Court must determine whether the certificate should issue. For the following reasons, the Court orders that a certificate of appealability SHALL NOT BE ISSUED.

**I.   BACKGROUND**

Smith, an inmate at the Washington Correctional Center at Angie, Louisiana, is currently serving an eight-year sentence pursuant to his conviction in the 24th Judicial District Court for Jefferson Parish. Upon his release in 2009, he will begin serving consecutive ten-year sentences pursuant to two separate

-1-

state court judgments in the 22nd Judicial District Court of St. Tammany Parish. One of those sentences resulted from a guilty verdict after a jury trial on one count of simple escape and one count of aggravated flight. The other sentence resulted from a guilty plea to a 4th offense DWI in violation of Louisiana Revised Statute 14:98.

Smith has filed numerous federal habeas petitions. This petition, his seventh, was filed on September 7, 2007 and addresses his convictions in the 22nd Judicial District Court. The magistrate judge issued a report and recommendation on February 18, 2009, recommending that Smith's petition be dismissed as repetitious and duplicative of his petition in 06-1421. (R. Doc. 42). On March 31, 2009, the Court adopted the magistrate's report and recommendation and dismissed Smith's petition with prejudice. (R. Doc. 42). Smith has now filed a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253. (R. Doc. 45).

## II.  DISCUSSION

A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to

show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" 537 U.S. 322, 336 (2003). With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not met the first prong of this showing. The petitioner's complaint in this case was dismissed as successive of petitioner's claims presented in Case Number 06-1421. *See* 28 U.S.C.A. § 2244(b)(1). Petitioner's claims here, that his Sixth and Fourteenth Amendment rights were violated, were brought in either his original habeas petition in Case Number 06-1421 or in the various supplements thereto. (*See* Case No. 06-1421, R. Docs. 25, 51, 65, 71). Petitioner's only attempt at meeting the first part of the required showing is his assertion that he "did not know that you should file only one [habeas] application." This does not establish that reasonable jurists could debate the Court's resolution of this procedural issue. Accordingly, the

Court finds that a certificate of appealability should not issue.

**IV. CONCLUSION**

For all of the foregoing reasons, the Court concludes that Smith has not demonstrated that he is entitled to a certificate of appealability.

Accordingly,

IT IS ORDERED that a certificate of appealability SHALL NOT BE ISSUED.

New Orleans, Louisiana, this __2nd__ day of June, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE